IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
                                                         :
FALL RIVER LINE PIER, INC.                               :
                                                         :
        Plaintiff,                                       :
                                                         :
v.                                                       :   CIVIL ACTION NO.
                                                         :   IN ADMIRALTY
F/V ATLANTIC FROST, Official No.                         :
282733, Her Engines, Machinery, Tackle                   :
Apparel, Appurtenances, etc., *in rem*,                  :
                                                         :
        Defendant.                                       :
---------------------------------------------------------x

**VERIFIED COMPLAINT**

NOW COMES plaintiff, Fall River Line Pier, Inc., by its attorneys, and complaining *in rem* against defendant fishing vessel ATLANTIC FROST, Official No. 282733, her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto, to enforce a maritime lien for "necessaries" against the vessel, alleges as follows:

<u>Jurisdiction and Venue</u>

1.    Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333 and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b). This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest of defendant vessel.

### The Parties

2. Plaintiff, Fall River Line Pier, Inc., (hereinafter referred to as "Fall River Line" was created by Chapter 665 of the Acts of 1945 to establish, operate, and maintain a pier for the shipment of freight and merchandise by water. On November 19, 1946, Fall River Line was chartered as a not-for-profit corporation under the provisions of Chapter 180 of the Massachusetts General Laws to establish, operate, and maintain a pier in Fall River, Massachusetts. Fall River Line leases its premises from the Commonwealth of Massachusetts under a 50-year lease that began on March 24, 1964. Fall River Line has a place of business located at Fall River State Pier, Water Street, Fall River, Massachusetts 02720.

3. Defendant, fishing vessel ATLANTIC FROST, Official No. 282733, her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto (hereinafter referred to as "Vessel"), is a 341 foot fishing vessel registered, under the laws of the United States bearing Official No. 282733, and is, and will be during the pendency of this action, within the jurisdiction of the United States and this Honorable Court. Upon information and belief, and at all times relevant hereto, the Vessel was, and still is, owned by Atlantic Frost Holdings, LLC, 1 Water Street, P.O. Box 2640, Fall River, Massachusetts 02721(hereinafter referred to as "Owner").

### Factual Allegations

4. Fall River Line is engaged, among other things, in operating and maintaining the pier in Fall River, Massachusetts

5. Owner entered into an agreement with plaintiff whereby Fall River Line agreed to perform certain dockage services and furnish certain electricity, water and other services to the Vessel and Owner agreed to pay Fall River Line for its labor, materials and services.

6. Pursuant to said agreement, as amended from time to time, and upon the order of the Owner of the aforesaid Vessel or its representatives, Fall River Line did perform work in the nature of dockage services, and did furnish certain electricity, water and related services to the Vessel, all of which were necessary to maintain the Vessel in a seaworthy condition.

7. From time to time, Fall River Line submitted invoices to Owner for materials supplied and services rendered, all of which represented charges that were fair and reasonable.

8. Although Owner has paid a portion of the charges for the work performed, it has disputed and refused to pay for the balance of Fall River Line's invoices in the amount of $37,205.35, which is now due and owing to plaintiff pursuant to the terms of the agreement.

9. Fall River Line has performed all conditions on its part to be performed under the aforesaid agreement.

10. By reason of the foregoing premises, Fall River Line has sustained damages in the amount of $37,205.35, as nearly as can now be estimated, no part of which has been paid, although duly demanded.

First Cause of Action
(Enforcement of Maritime Lien)

11. Fall River Line incorporates herein by reference the allegations contained in Paragraphs 1 through 10 of the Verified Complaint with the same force and effect as if set forth at length herein.

12. By reason of these premises, the services of Fall River Line, including its dockage services and materials, constitute a maritime lien for "necessaries" against the aforesaid Vessel pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31341-31343.

WHEREFORE, plaintiff, Fall River Line Pier, Inc., prays that this Honorable Court adjudge as follows:

(i) That *in rem* process issue in due form of law, according the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, against the whole of the Vessel, her engines, tackle, apparel, appurtenances, etc., pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

(ii) That all persons having or claiming to have any interest in the Vessel be cited to appear and answer under oath, all and singular the matter aforesaid;

(iii) That plaintiff's claim be adjudged a valid and enforceable maritime lien against the whole of the Vessel, her engines, tackle, apparel, appurtenances, etc., and an *in rem* judgment enter in its favor against the Vessel for the full amount of its liquidated damages, together with interest, costs, expenses of collection and enforcement, including reasonable attorneys' fees and costs of suit, and other damages which may be shown at trial;

(iv) That the Vessel be condemned and sold to satisfy plaintiff's judgment; and

(v) That plaintiff has such other and further relief as this Honorable Court and justice may deem just and appropriate under the circumstances.

Dated: June 15, 2010  Respectfully submitted,

FALL RIVER LINE PIER, INC.

By its attorneys,
PARTRIDGE SNOW & HAHN LLP

/s/ Norman A. Peloquin, II
Norman A. Peloquin, II
(BBO No. 550872)
Samuel P. Blatchley
(BBO No. 670232)
180 South Main Street
Providence, Rhode Island 02903
Tel. (401) 861-8200
Fax (401) 861-8210

## Verification

Dianne Butler, hereby states under the penalty of perjury pursuant to 28 U.S.C. §1746 that:

1. I am Dianne Butler, Pier Manager of Fall River Line Pier, Inc., plaintiff herein.

2. I have read the foregoing Verified Complaint and I know the contents thereof and the same are true to the best of my knowledge. As to the matters therein stated to be upon information and belief, I believe them to be true.

3. The sources of my information and the grounds for my beliefs are the financial statements and business records of the company, as well as my own involvement in the agreement for dockage and materials provided and the collection of the indebtedness.

I hereby certify under the penalty of perjury that the foregoing is true and correct on this 15th day of June, 2010.

_____
Name: Dianne Butler
Title:  Pier Manager

1223748_1/MTBA-SPB